United States Bankruptcy Court
Middle District of Florida

In re:  
Stephanie Marie McMahon  
    Debtor

Case No. 20-01046-CJJ  
Chapter 7

## CERTIFICATE OF NOTICE

District/off: 113A-3    User: pcathy-ja    Page 1 of 1    Date Rcvd: Jul 01, 2020  
                       Form ID: B318      Total Noticed: 9

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Jul 03, 2020.
```
db              +Stephanie Marie McMahon,    14 Brookside Lane,    Palm Coast, FL 32137-8721
28864131        +Homeland Network,    76 Brooklyn Lane,    Palm Coast, FL 32137-8723
```

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
```
28861545        +EDI: AMEREXPR.COM Jul 02 2020 05:43:00     American Express,    PO Box 981537,
                 El Paso, TX 79998-1537
28861546        +EDI: RMSC.COM Jul 02 2020 05:43:00      Care Credit/Synchrony Bank,    PO Box 965036,
                 Orlando, FL 32896-5036
28861547         EDI: DISCOVER.COM Jul 02 2020 05:43:00      Discover Card,    P. O. Box 15316,
                 Wilmington, DE 19850
28861543        +E-mail/Text: bankruptcy@flaglertax.com Jul 02 2020 02:09:13
                 Flagler County Tax Collector - Suzanne Johnston,    P.O. Box 846,    Bunnell FL 32110-0846
28861544         EDI: FLDEPREV.COM Jul 02 2020 05:43:00      Florida Dept. of Revenue,    Bankruptcy Unit,
                 P.O. Box 6668,    Tallahassee, FL 32314-6668
28861548         EDI: JPMORGANCHASE Jul 02 2020 05:43:00       JPMCB-Card Services,    301 N. Walnut St, Floor 09,
                 Wilmington, DE 19801-3935
28861549        +EDI: WFFC.COM Jul 02 2020 05:43:00      Wells Fargo,    PO Box 77053,
                 Minneapolis, MN 55480-7753
                                                                                              TOTAL: 7
```

        ***** BYPASSED RECIPIENTS *****  
NONE.                                                                                                                                            TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.  
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jul 03, 2020                                                               Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on July 1, 2020 at the address(es) listed below:
```
              Robert   Altman     robertaltman@bellsouth.net,
               fl69@ecfcbis.com;RA034@trustesolutions.com;RA034@trustesolutions.net
              Scott W Spradley    on behalf of Debtor Stephanie Marie McMahon scott@flaglerbeachlaw.com,
               suzy@flaglerbeachlaw.com;danielle@flaglerbeachlaw.com
              United States Trustee - JAX 13/7    USTP.Region21.OR.ECF@usdoj.gov
                                                                                             TOTAL: 3
```

| | | |
|---|---|---|
| **Information to identify the case:** | | |
| Debtor 1 | **Stephanie Marie McMahon** | Social Security number or ITIN  xxx−xx−3368 |
| | First Name  Middle Name  Last Name | EIN  _ _−_ _ _ _ _ _ _ |
| Debtor 2 (Spouse, if filing) | First Name  Middle Name  Last Name | Social Security number or ITIN  _ _ _ _ |
| | | EIN  _ _−_ _ _ _ _ _ _ |
| United States Bankruptcy Court  **Middle District of Florida** | | |
| Case number:  **3:20−bk−01046−CJJ** | | |

# Order of Discharge 12/15

**IT IS ORDERED:** A discharge under 11 U.S.C. § 727 is granted to:

Stephanie Marie McMahon

-

Dated: July 1, 2020

Cynthia C. Jackson
United States Bankruptcy Judge

---

**Explanation of Bankruptcy Discharge in a Chapter 7 Case**

This order does not close or dismiss the case, and it does not determine how much money, if any, the trustee will pay creditors.

**Creditors cannot collect discharged debts**

This order means that no one may make any attempt to collect a discharged debt from the debtors personally. For example, creditors cannot sue, garnish wages, assert a deficiency, or otherwise try to collect from the debtors personally on discharged debts. Creditors cannot contact the debtors by mail, phone, or otherwise in any attempt to collect the debt personally. Creditors who violate this order can be required to pay debtors damages and attorney's fees.

However, a creditor with a lien may enforce a claim against the debtors' property subject to that lien unless the lien was avoided or eliminated. For example, a creditor may have the right to foreclose a home mortgage or repossess an automobile.

This order does not prevent debtors from paying any debt voluntarily or from paying reaffirmed debts according to the reaffirmation agreement. 11 U.S.C. § 524(c), (f).

**Most debts are discharged**
Most debts are covered by the discharge, but not all. Generally, a discharge removes the debtors' personal liability for debts owed before the debtors' bankruptcy case was filed.

Also, if this case began under a different chapter of the Bankruptcy Code and was later converted to chapter 7, debts owed before the conversion are discharged.

In a case involving community property: Special rules protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.

**For more information, see page 2 >**

**Some debts are not discharged**
Examples of debts that are not discharged are:

- debts that are domestic support obligations;

- debts for most student loans;

- debts for most taxes;

- debts that the bankruptcy court has decided or will decide are not discharged in this bankruptcy case;

- debts for most fines, penalties, forfeitures, or criminal restitution obligations;

- some debts which the debtors did not properly list;

- debts for certain types of loans owed to pension, profit sharing, stock bonus, or retirement plans; and

- debts for death or personal injury caused by operating a vehicle while intoxicated.

Also, debts covered by a valid reaffirmation agreement are not discharged.

In addition, this discharge does not stop creditors from collecting from anyone else who is also liable on the debt, such as an insurance company or a person who cosigned or guaranteed a loan.

**This information is only a general summary of the bankruptcy discharge; some exceptions exist. Because the law is complicated, you should consult an attorney to determine the exact effect of the discharge in this case.**